IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TARUN KUMAR VYAS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:23cv00233 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SHERIFF JASON MIYARES, *et al.*, | ) | United States District Judge |
|     Respondents. | ) | |

**MEMORANDUM OPINION**

Tarun Kuman Vyas is currently being held at the Rockingham/Harrisonburg Regional Jail while awaiting trial on criminal charges. Proceeding *pro se*, he filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) In his petition, he challenges his criminal conviction in Rockingham County, Case No. JA024722-07-01, for which he was sentenced to "three hours" in custody on July 23, 2020. (*Id.* at 1.)[1]

According to his petition, Vyas did not appeal, nor did he file a petition for a writ of habeas corpus in any state court. (*Id.* at 2, 3.) His petition in this case is dated April 19, 2023.[2] (*Id.* at 15.) He admits in filings to this court that he is no longer in custody. (*See, e.g.*, Mot. at 3, Dkt. No. 3.)

Although he has not yet paid his filing fee or submitted a complete application to proceed *in forma pauperis*, pursuant to the court's obligation to screen § 2254 petitions, the court concludes that the petition must be dismissed for lack of jurisdiction.

---

[1] Page numbers refer to the numbers assigned by the court's Case Management/Electronic Case Filing system, not to the page numbers handwritten by petitioner.

[2] As petitioner acknowledges, the petition is untimely, as calculated under 28 U.S.C. § 2244(d)(1)(A). Petitioner argues, however, that he is entitled to equitable tolling and that he is actually innocent of the offense. (*See* Pet. 16–21, Dkt. No. 1.) In light of the court's dismissal on jurisdictional grounds, it does not address these arguments.

Under 28 U.S.C. § 2254(a), federal habeas relief is available to a prisoner who is "in custody." When a sentence has fully expired, federal habeas relief is unavailable. *See Lackawana Cnty. Dist. Att'y v. Cross*, 532 U.S. 394, 401–02 (2001). "We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). And collateral consequences of a conviction are insufficient to satisfy the "in custody" requirement where a sentence has fully expired at the time the petition is filed. *Id.* at 492 (recognizing that a petitioner being subject to "collateral consequences" or a prior conviction, such as a sentencing enhancement in a subsequent offense, does not render him in custody). *See also Wilson v. Flaherty*, 689 F.3d 332, 337 (4th Cir. 2012) (reasoning that sex offender registration requirements resulting from a prior conviction do not render a petitioner "in custody" for purposes of that conviction, once he has fully served his sentence of imprisonment and any period of supervision, parole, or probation); *Mainali v. Virginia*, 873 F. Supp. 2d 748, 751 & nn. 4–5 (E.D. Va. 2012) (concluding that immigration consequences of a conviction, including the possibility of removal, do not render an individual "in custody" for § 2254 purposes and collecting authority for same).

Vyas argues that he should be deemed to be in custody because his conviction here resulted in his being denied bail in July 2022. Thus, he claims that "the challenged conviction is responsible for his current injury." (Mot. 3, Dkt. No. 3.) He also points to potential immigration consequences of his conviction and the conviction's possible effect on his ability to get physical or legal custody of his children in the future, among other effects. (*Id.* at 3–4.) Pursuant to the authority cited in the preceding paragraph, however, his arguments are unpersuasive. Such collateral consequences do not render him "in custody" for purposes of § 2254.

Vyas also has requested that the court construe his petition as a petition for writ of coram nobis if it determines he is not in custody for purposes of 28 U.S.C. § 2254. (Dkt. No. 3.) But

2

"[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments."  *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982); *see also In re Egan*, 339 F. App'x. 314, 315 (4th Cir. 2009) (unpublished) ("The writ of error coram nobis may not be used to set aside a state conviction."); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964); *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006); *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003).  Thus, coram nobis is unavailable to Vyas and his motion asking that his petition be construed as such will be denied.  In sum, and because this court lacks jurisdiction over Vyas's petition, the petition must be dismissed without prejudice.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The court concludes that Vyas cannot demonstrate that the reasonable jurists would debate this court's procedural ruling.  It will therefore deny Vyas a certificate of appealability.

All of petitioner's other motions will be denied as moot.  An appropriate order will be entered.

Entered: May 30, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge