CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 04, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TARUN KUMAR VYAS,<br>    Petitioner,<br><br>v.<br><br>SHERIFF JASON MIYARES,<br>    Respondent. | Civil Action Nos. 7:23-cv-00233<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION AND ORDER**

This action was filed by Tarun Kumar Vyas pursuant to 28 U.S.C. § 2254. On May 30, 2023, the court issued an opinion and order denying Vyas' petition without prejudice for lack of jurisdiction. (Dkt. Nos. 9, 10.) Vyas filed a motion to reconsider (Dkt. No. 18), which the court construes as a motion to alter or amend the judgment because it was filed within 28 days of the entry of judgment. *See* Fed. R. Civ. P. 59(e). Vyas has subsequently filed two motions to expand or supplement the record. (Dkt. Nos. 21, 23.) Vyas' motion to alter or amend will be denied.

Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). A party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). In other words, a motion under Rule 59(e) is not authorized to "enable a party to complete presenting his case after the court has ruled against him." *Cochrane v. Warden*, Civil Action No. ELH-23-171, 2024 WL 112031, at *3 (D. Md. Jan.

10, 2024) (citing *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996)).  "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).  Reconsideration of a judgment after its entry is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

The court dismissed Vyas' petition for lack of jurisdiction because he was no longer in custody.  Vyas admitted that he was no longer in custody and that he was sentenced to "three hours" in custody in 2020 pursuant to the criminal conviction he was challenging.  (Dkt. No. 9 at 1–2.)  The court rejected Vyas' argument that he should be deemed in custody because the challenged conviction resulted in him being denied bail in July 2022.  The court explained that the "collateral consequences" of a conviction cannot satisfy the "in custody" requirement of § 2254 when the sentence has fully expired at the time the petition is filed.  (*Id.* at 2 (citing *Maleng v. Cook*, 490 U.S. 488, 492 (1989)).

In his motion to reconsider, Vyas argues, once again, that the court should assume jurisdiction over this matter and consider him to be "in custody" for purposes of § 2254.  Vyas has not satisfied any of the three possible avenues to grant relief under Rule 59(e).  In particular, Vyas has not established that the court committed a clear error of law or that the court must reverse its dismissal to correct a manifest injustice.  The law is clear that the collateral consequences of Vyas' conviction are insufficient for Vyas to be considered in custody, such that he can challenge the conviction under § 2254.

Vyas' other two motions, labeled as motions to expand or to supplement the record, simply provide additional and repetitive arguments in support of his motion to reconsider.  The court will grant these motions to the extent that the court considered those arguments, but they

do not change the court's conclusion that Vyas cannot satisfy the requirement that he be in custody.

Based on the foregoing, it is HEREBY ORDERED that Vyas' motions to expand and to supplement (Dkt. Nos. 21, 23) are GRANTED and that Vyas' motion to reconsider (Dkt. No. 18) is DENIED.  The court is directed to transmit a copy of this memorandum opinion and order to Vyas.

Entered: March 4, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge